IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SAMAD SEFIANE | § | |
| VS. | § | CIVIL ACTION NO. 1:18cv24 |
| ERIN SMITH | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Samad Sefiane, an inmate formerly at the Jefferson County Correctional Facility, proceeding *pro se*, brought the above-styled civil rights action pursuant to 42 U.S.C. § 1983. The Magistrate Judge recommended the action be dismissed as frivolous and for failure to state a claim upon which relief may be granted. After receiving no objections from the parties, the Report of the Magistrate Judge was adopted, and the action was dismissed on February 22, 2018.

Plaintiff appealed the dismissal to the Court of Appeals for the Fifth Circuit. Plaintiff's appeal was dismissed on November 27, 2018.

On April 17, 2019, plaintiff filed a motion for relief required by law, equity and justice (docket entry no. 74). Additionally, plaintiff has filed a motion to recruit for counsel (docket entry no. 75), a motion for new trial (docket entry no. 76), and a motion for leave to file an amended complaint (docket entry no. 78). This memorandum opinion and order considers such motions.

## ANALYSIS

FED. R. CIV. P. 59 provides in pertinent part the following:

**(a)(1) *Grounds for New Trial*.** The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

(A) after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**(2) *Further Action After a Nonjury Trial*.** After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

**(b) Time to File a Motion for a New Trial.** A motion for a new trial must be filed no later than 28 days after the entry of judgment.

**(e) Motion to Alter or Amend Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

As plaintiff's motions were not filed within twenty-eight days of the judgment, the motions are untimely under Rule 59 and should be denied. Further, even affording the motions consideration under the more liberal Rule 60(b), the court is of the opinion that the motions fail to set forth a meritorious ground warranting relief. For the reasons set forth above in the Report and the Memorandum Opinion previously entered in this action, plaintiff's claims should be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

Plaintiff's post-judgment motions are untimely and without merit. Therefore, plaintiff's motions should be denied.

ORDER

For the reasons set forth above, plaintiff's motions for reconsideration and post-judgment motions are untimely and without merit. Accordingly, the motions should be denied. It is therefore,

**ORDERED** that plaintiff's motions are **DENIED**.

**SIGNED** this the 1 day of **October, 2019.**

_____
Thad Heartfield
United States District Judge